UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| REGINALD WHITE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  5:19-cv-00750-MHH-HNJ |
| ) | |
| LIEUTENANT ERIC W. HINES, and ) | |
| OFFICER SCOTT A. SCHUTTINGA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

The magistrate judge filed a report on November 23, 2020, recommending the defendants' special report be treated as a motion for summary judgment and further recommending that the motion be granted in part and denied in part.  (Doc. 18). Although the parties were advised of their right to file written objections within 14 days, the Court has not received objections.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation.").  A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to

which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Although § 636(b)(1) "does not require the [district] judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  That is because for dispositive issues, like habeas petitions, "the ultimate adjudicatory determination is reserved to the district judge." *Raddatz*, 447 U.S. at 675.

Having reviewed and considered the materials in the court file, including the report and recommendation, the Court adopts the report and accepts the magistrate judge's recommendation.  The Court enters judgment for the defendants on Mr. White's official capacity claims.  The Court denies the defendants' motion for summary judgment as to Mr. White's excessive force claims against the defendants in their individual capacities.  This Court refers this matter to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this December 15, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE