FILED
2022 May-02  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **REGINALD WHITE, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **5:19-CV-00750-MHH-HNJ** |
| **LIEUTENANT ERIC W. HINES and** | ) | |
| **OFFICER SCOTT A. SCHUTTINGA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR SUMMARY JUDGMENT
## AND BRIEF IN SUPPORT

COME NOW Defendants Correctional Lieutenant Eric W. Hines and Correctional Officer Scott A. Schuttinga, by and through undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and hereby move this Honorable Court to grant summary judgment, in whole or in part, and dismiss Plaintiff Reginald White, Jr.'s Complaint, in whole or in part. Defendants contend there exists no genuine issue of material fact on the present record, and Defendants are entitled to judgment as a matter of law. As grounds for this motion, Defendants submit the following.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure governs the resolution of motions for summary judgment. Under Rule 56(a), summary judgment is proper "if

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In making that assessment, the court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues of material fact and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Bennett v. Parker*, 898 F.2d 1530, 1532-33 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [citations omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett*, 898 F.2d at 1532.

The burden on the non-movant, however, is to set forth facts "beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence must be more than merely culpable; to survive a motion for summary judgment, it must be significantly probative. *Early v. Champion Int'l., Corp.,* 907 F.2d 1077, 1080 (11th Cir. 1990).

## **FACTS**

On April 14, 2019, Defendant Schuttinga, while assisting with a Bed Roster, saw Plaintiff exiting an area that was not in his assigned area. (Doc. 14-1 at 1; Ex. 1[1]). Defendant Schuttinga gave Plaintiff an order for a routine pat search, not a strip

---

[1] Defendants Hines and Schuttinga propounded discovery on January 5, 2022. Plaintiff failed to provide the Defendants with answers to the admissions after being reminded twice by Defendants that he had yet to respond to their discovery requests. (Exs. 2 & 3). As provided by Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to

search. (Doc. 14-1 at 1; Doc. 14-2 at 1). During the pat search, Plaintiff became combative towards Defendant Schuttinga, which Plaintiff admits that he was combative and aggressive on the date of the incident. (Doc. 14-1 at 1; Doc. 14-2 at 1; Ex. 1). Plaintiff grabbed Defendant Schuttinga's arm and pinned him against the door. (Doc. 14-1 at 1). Defendant Hines was on the scene and called a "code red." (*Id.*). Several officers responded to the scene. (*Id.*). Two officers took Plaintiff to the ground. (*Id.*). One of the officers gave Plaintiff a verbal command to stop his negative behavior, which he did not obey. (*Id.*). Plaintiff continued his negative behavior and forced himself to his feet. (*Id.*). Plaintiff was again taken to the ground and then he was handcuffed by Defendant Hines. (*Id.*).

Defendant Hines escorted Plaintiff to the Healthcare Unit. (*Id.*). Plaintiff continued his negative behavior and snatched free from Defendant Hines. (*Id.*; Doc. 14-3 at 1). Defendant Hines sprayed a one-second burst of Sabre Red in Plaintiff's facial area. (*Id.*). Defendant Hines again ordered Plaintiff to cease his negative behavior. (*Id.*). Plaintiff attempted to kick at the staff. (*Id.*). Defendant Hines used his baton to strike Plaintiff on his legs. (*Id.*). Defendant Hines once again gave Plaintiff orders to cease his negative behavior, which he finally complied. (*Id.*). It was at this time that all force ceased. (*Id.*).

---

under Rule 29 or be ordered by the court." Thus, the requests for admissions propounded by Defendants to Plaintiff are deemed admitted.

While Plaintiff was in the Healthcare Unit for decontamination and medical assessment, a nurse determined that Plaintiff was suicidal. (*Id.*; Ex. 1). During the medical assessment, when questioned by the nurse, Plaintiff stated, "I don't know." (Doc. 14-1 at 5; Ex. 1). Plaintiff's injuries were unremarkable. (*Id.*). She notified the Mental Health Professional of the Plaintiff's mental health status. (Doc. 14-1 at 1). Plaintiff was then placed on Acute Suicide Watch. (*Id.*). Plaintiff advised and complied with correctional staff on completing a urinalysis test (doc. 14-1 at 2), which he was given (Ex. 1). He also was not taken to a hospital for any medical treatment because of the incident. (*Id.*).

The use of force used by the officers was investigated. (Doc. 14-1 at 15). Plaintiff refused to make a statement about the incident. (Ex. 1). It was determined that the "force was justified and an acceptable level to gain compliance from an out of control suspect. The investigating officer recommends inmate White should receive appropriate disciplinary action." (Doc. 14-1 at 15). Plaintiff was charged with Assault on an ADOC Official, Failure to Obey a Direct Order of an ADOC Employee, and Being in an Unauthorized Area. (*Id.*). Plaintiff was also reprimanded for his negative behavior. (*Id.*).

Plaintiff was seen by medical staff, who took x-rays of both of his knees. (Doc. 14-4). Both knees demonstrated "no fracture, dislocation, or subluxation. There is

no joint effusion. Alignment is excellent. Bone density is normal and uniform, The

soft tissue planes are normal without radiopaque foreign body." (*Id.*; Ex. 1).

## ARGUMENT

The Eighth Amendment's proscription of cruel and unusual punishments

protects prisoners from prison officials' excessive use of force. *Campbell v. Sikes,*

169 F.3d 1353, 1374 (11th Cir. 1999). The federal courts analyze excessive force

claims under the standards set forth in *Hudson v. McMillian,* 503 U.S. 1 (1992), and

*Whitley v. Albers,* 475 U.S. 312 (1986). In *Hudson v. McMillian*, the Supreme Court

held that in assessing an inmate's excessive force claim, "the core judicial inquiry is

that set out in *Whitley*: whether force was applied in a good-faith effort to maintain

or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503

U.S. at 6-7. In extending *Whitley* to all cases involving allegations of the use of force

by prison officials, the Supreme Court reasoned:

> Many of the concerns underlying our holding in *Whitley*
> arise whenever guards use force to keep order. Whether
> the prison disturbance is a riot or a lesser disruption,
> corrections officers must balance the need "to maintain or
> restore discipline" through force against the risk of injury
> to inmates. Both situations may require prison officials to
> act quickly and decisively. Likewise, both implicate the
> principle that "'[p]rison administrators . . . should be
> accorded wide-ranging deference in the adoption and
> execution of policies and practices that in their judgment
> are needed to preserve internal order and discipline and to
> maintain institutional security.'"

*Hudson*, 503 U.S. at 6 (citations omitted).

6

With these concerns in mind, the Supreme Court set out certain subjective factors that should be considered when evaluating whether force used was excessive. These factors include: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible official; (4) any efforts to temper the severity of a forceful response; and (5) the extent of the injury suffered by the inmate. *Whitley v. Albers*, 475 U.S. at 321. In applying the foregoing factors to the facts of a particular case, the Supreme Court has instructed:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'"

*Hudson*, 503 U.S. at 9 (citations omitted). To create a genuine issue of material fact, the plaintiff must come forward with evidence from which a reasonable inference can be drawn that the defendant acted maliciously and sadistically. Generally, courts "do not second-guess prison officials on matters that they are better equipped to handle under the exigencies of an internal disturbance." *Wilson v. Blankenship*, 163 F.3d 1284, 1295 (11th Cir. 1998).

The objective component of an excessive force claim "focuses on whether the official's actions were harmful enough . . . or sufficiently serious to violate the

Constitution." *Sconiers v. Lockhart,* 946 F.3d 1256, 1265 (11th Cir. 2020) (internal quotation marks and citations omitted). The Supreme Court has "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim." *Wilkins,* 559 U.S. at 37. Instead, "the Eighth Amendment prohibits force that offends 'contemporary standards of decency,' regardless of whether 'significant injury is evident,' though the extent of injury may shed light on the amount of force applied or 'whether the use of force could plausibly have been thought necessary.'" *Sconiers,* 946 F.3d at 1265 (quoting *Wilkins,* 559 U.S. at 37). Although the Eleventh Circuit has rejected a bright-line more-than-de-minimis-injury standard for an excessive force claim, the Eighth Amendment still "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Sconiers,* 946 F.3d at 1265-67 (citing *Wilkins,* 559 U.S. at 37-38). Here, Plaintiff cannot meet his burden on either the subjective or the objective elements because the record demonstrates that Defendants Hines and Schuttinga had to apply force to maintain order after Plaintiff became combative and aggressive, and all force ceased once he complied with order.

The subjective factors all weigh in favor of Defendants Schuttinga and Hines. Regarding the first subjective factor, it is clear from the record that Plaintiff was being combative and aggressive in the dorm and on the way to the Healthcare Unit,

grabbing and kicking at staff, and needed to be restrained. Defendants used force to gain control of Plaintiff so that he would not hurt anyone. Regarding the second factor, Defendants used the force necessary to gain control of Plaintiff. Verbal commands were given to Plaintiff in hopes that he would cease his negative behavior. Other officers used take down maneuvers to control and restrain Plaintiff. A chemical agent was used to deter and stop Plaintiff's aggressive behavior. Finally, a baton was used on Plaintiff's legs only when he began to kick at staff.

Regarding the third factor, these officers, through their knowledge and experience, were trying to contain an inmate that was not in his assigned area. When Plaintiff became aggressive and combative, Defendants used the least amount of force to gain control of Plaintiff so that he would not harm anyone. Regarding the fourth factor, Defendants attempted to temper the severity of their response by starting with verbal commands, then by using take downs, chemical sprays, and baton. Regarding the fifth factor, Plaintiff suffered no serious injury because of this encounter. As documented on Plaintiff's body chart, there were no remarkable injuries-a small mark on his right leg, a bump on his left shoulder, and a small mark at his waist.[2]

Similarly, the objective component, too, weighs in favor of the Defendants.

---

[2] The body chart also notes three tattoos on Plaintiff's right arm and two "old" marks on his back. (Doc. 14-1 at 5).

On this record, it is undisputed that Defendants' actions were not harmful or sufficiently serious to violate the Constitution. They used various forms of force to subdue a combative inmate who was endangering himself and others. When Defendant Hines utilized his baton, it was only on Plaintiff's lower extremities to get Plaintiff to stop kicking.

Additionally, Plaintiff's injuries in this case were *de minimis*. According to his medical records, Plaintiff only suffered minimal injuries from the incident involving Defendants. The body chart reflects three minor marks on Plaintiff – at his waist, shoulder, and leg. (Doc. 14-1 at 5).

Plaintiff alleges that Defendants, during a pat search, used force against him and that said force was excessive, but the only evidence in the record at present shows that the Defendants used reasonable force on him for aggressive behavior, including kicking, that he exhibited while they subjectively thought he would harm them. Therefore, on the record at present, Defendants are due summary judgment on Plaintiff's claim of excessive force.

Respectfully submitted,

STEVE MARSHALL
ATTORNEY GENERAL

/s/ *Tara S. Hetzel*
Tara. S. Hetzel
Deputy Attorney General
*Counsel for Defendants*

**OF COUNSEL:**

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130
334-242-7300 (T)
334-353-8400 (F)
Tara.Hetzel@AlabamaAG.gov


## CERTIFICATE OF SERVICE

I hereby certify that I have on May 2, 2022 electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the same to Richard Rice.

Richard A. Rice
The Rice Law Firm, LLC
420 20th Street North, Suite 2000
Post Office Box 453
Birmingham, Alabama 35201
rrice@rice-lawfirm.com

/s/ *Tara S. Hetzel*
Tara S. Hetzel
Deputy Attorney General
*Counsel for Defendants*