IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **REGINALD WHITE, JR.,** ) | |
| **AIS #251345,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **5:19-CV-750-MHH-HNJ** |
| **ERIC W. HINES, et al.,** ) | |
| ) | |
| Defendants. ) | |

## CONSOLIDATED DISCOVERY REQUESTS TO PLAINTIFF REGINALD WHITE, JR. BY DEFENDANTS

Pursuant to Rules 26, 33, and 34 of the *Federal Rules of Civil Procedure*, Defendants Eric W. Hines and Scott A. Schuttinga ("Defendants") request that Plaintiff Reginald White, Jr. ("Plaintiff") answer the following discovery requests within thirty (30) days to the following counsel at the following location:

Tara S. Hetzel, Deputy Attorney General
OFFICE OF ATTORNEY GENERAL
GENERAL CIVIL DIVISION
501 Washington Avenue
Montgomery, Alabama 36130

The discovery requests that follow are to be considered continuing, and Plaintiff is required to provide by way of supplementary answers, such additional information or documents as he or any person acting on his behalf may hereafter obtain which will augment, clarify, or otherwise modify the answers now given to

1

Exhibit 1

these requests. Such supplementary responses are to be served upon Defendants' counsel within fourteen (14) days after receipt of such information or documents.

## INSTRUCTIONS AND DEFINITIONS

A. PRIVILEGES:

    1.    If in response to any request for production, Plaintiff asserts any claim of privilege, or any other reason in support of his refusal to produce the requested documents, or any part thereof, please identify each such document in detail to enable Defendant to determine the nature, subject matter, and date thereof. Please disclose the failure to produce each document withheld, in whole or in part, and provide a privilege log identifying such document by date, sender, recipient, subject matter, and any other information relevant to assessing the claim of privilege, and then comply with the request to the extent that the privilege or other reason does not apply to said documents or parts thereof, as required by Rule 26 (b)(5) of the *Federal Rules of Civil Procedure*.

B. DEFINITIONS:

    For the purposes of these interrogatories and requests for production, the following words and phrases shall have been construed with reference to the following meanings and definitions. Defendants provide the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein to help Plaintiff understand the objectives of these discovery efforts and to

locate and furnish the relevant information and materials. It is, therefore, expressly stipulated and agreed by Defendants that an affirmative response on the part of Plaintiff will not be construed as an admission that any definition contained herein is either factually correct or legally binding on Plaintiff.

1. "You" or "your" applies to Plaintiff, his attorneys and/or agents.

2. "Document" means any written, (including handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic or electronic) matter of any kind or nature, whether original or copy, and includes, without limiting the generality of the foregoing, all letters, telegrams, correspondence, contracts, agreements, manuals, instructions, notes, recordings or transcripts thereof, memoranda of telephone or personal conversations or of meetings or conferences, minutes, board of directors minutes, studies, reports, analyses, test results, interoffice communications, receipts, canceled checks, money orders, email messages, computer diskettes, computer files, computer records, invoices and bills in the possession and/or control of Plaintiff or known by him to exist.

3. "Person" or "persons" includes, without limitation, individuals, associations, partnerships, and corporations.

4. "Identify," when used references a natural person, shall mean to state his or her full name, gender, and present or last known address.

5. "Identify," when used with respect to a document, shall mean to state the date, subject or substance, author, addressee, recipient, type of document (e.g., letter, memorandum, computer data, etc.), its present location, and the identity of each of the present custodians and shall include documents with respect to which a privilege is or may be claimed. If you contend that any document has been lost or destroyed by you, please include that information in your response and state the substance of the contents of such documents.

6. "Relating to" shall mean pertaining to, concerning, consisting of, referring to, supporting, corroborating, or any way logically or connected to the matter referred to or having the tendency to prove or disprove the matter referred.

7. "Defendants" for the purpose of this document shall mean Eric W. Hines and Scott Schuttinga.

8. "Plaintiff" for the purpose of this document shall mean Reginald White, Jr.

## INTERROGATORIES

Pursuant to *Federal Rule of Civil Procedure* 33, these Interrogatories are continuing in nature and require supplemental responses if additional information regarding them is obtained by Plaintiff. If any Interrogatory cannot be responded to in full, it should be answered to the fullest extent possible, and the reason(s) should be set forth regarding why it could not be answered in full. If in response to

Exhibit 1

any interrogatory, Plaintiff asserts a claim of privilege, please give a full explanation of your reasons for asserting the privilege, and then comply with the response to the extent that the privilege or other reason does not apply to said particular response or part thereof, as required by Rule 33 of the *Federal Rule of Civil Procedure*.

**INTERROGATORY NO. 1:** Please identify with specificity what you told the nurse when you were being seen in the Health Care Unit on April 14, 2019, after the use of force incident with the Defendants.

**RESPONSE:**


**INTERROGATORY NO. 2:** Please identify all persons that you have spoken with at the Alabama Department of Corrections about the allegations contained in your Complaint.

**RESPONSE:**


**INTERROGATORY NO. 3:** Please list all lawsuits and appeals, which you have been a party to from January 1, 2015, to present.

**RESPONSE:**

**INTERROGATORY NO. 4:** Please explain why you were not in your assigned dorm on April 14, 2019, immediately before the Institutional Bed Roster was initiated.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify every person whom you believe may possess discoverable information relevant to any of the allegations contained in your Complaint, and state with specificity the content of such information possessed by each such person and, as to each:

**RESPONSE:**

**INTERROGATORY NO. 6:** Please explain why you refused to provide a statement about the use of force incident on April 14, 2019.

**RESPONSE:**

**INTERROGATORY NO. 7:** Please explain what you were told by the medical staff after x-rays were taken of your knees on or April 22, 2019.

**RESPONSE:**

Exhibit 1

**INTERROGATORY NO. 8:** Please explain how "Ms. Love's harassment succeeded in getting Ms. Taylor terminated."

**RESPONSE:**

**INTERROGATORY NO. 9:** Please state what the results of your urinalysis test were on April 14, 2019.

**RESPONSE:**

**INTERROGATORY NO. 10:** Identify all witnesses (persons with personal knowledge obtained through their own sensory observations of any factual event) to the events described in the allegations contained in your Complaint, whether or not you intend to rely on the testimony of the witness.

**RESPONSE:**

**INTERROGATORY NO. 11:** Please provide the names, addresses, and telephone numbers of all spouses, children, and other relatives that reside in the Northern District of Alabama, Northeastern Division. The Northeastern Division of the Northern District of Alabama consists of the following counties: Cullman, Jackson, Lawrence, Limestone, Madison, and Morgan.

**RESPONSE:**

Exhibit 1

**INTERROGATORY NO. 12:** Please explain whether you received any disciplinary actions because of the use of force incident that occurred on April 14, 2019.

**RESPONSE:**

### REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to *Federal Rules of Civil Procedure* 34, the following requests are continuing in nature and require supplemental responses if additional information regarding them is obtained by Plaintiff. If any request cannot be responded to in full, it should be answered to the fullest extent possible, and the reason(s) should be set forth regarding why it could not be answered in full. If in response to any request Plaintiff asserts a claim of privilege, please give a full explanation of your reasons for asserting the privilege, and then comply with the response to the extent that the privilege or other reason does not apply to said particular response or part thereof, as required by Rule 34 of the *Federal Rules of Civil Procedure*.

**REQUEST NO. 1:** Please provide a copy of all documents that you relied upon to respond to the Defendant's written discovery requests.

**RESPONSE:**

Exhibit 1

**REQUEST NO. 2:** Please provide a copy of every document known to you or that you intend to rely upon at the trial of this matter in support of any of your claims contained in the Complaint.

**RESPONSE:**

## REQUEST FOR ADMISSIONS

Under *Federal Rules of Civil Procedure* Rule 36, Defendant requests admissions from Plaintiff for the purpose of expediting this cause. Defendant hereby requests Plaintiff make the following admissions for the purpose of this action only and subject to all objections as to admissibility which may be interposed at the trial. These answers are hereby requested to be made within thirty (30) days from the date of service of these requests.

**ADMISSION NO. 1:** Please admit that you were not in your assigned dorm when the Institutional Bed Roster was initiated on April 14, 2019 at approximately 8:09 p.m.

**RESPONSE:**

**ADMISSION NO. 2:** Please admit that you were combative and aggressive with the Defendants on April 14, 2019.

**RESPONSE:**

**ADMISSION NO. 3:** Please admit that you were given a urinalysis test on April 14, 2019.

**RESPONSE:**

**ADMISSION NO. 4:** Please admit that you told the nurse that you did not know what happened on the night of April 14, 2019.

**RESPONSE:**

**ADMISSION NO. 5:** Please admit that the nurse assessed on April 14, 2019 that you were suicidal.

**RESPONSE:**

**ADMISSION NO. 6:** Please admit that you refused to make a statement about the use of force incident.

**RESPONSE:**

**ADMISSION NO. 7:** Please admit that you were not taken to a hospital for medical treatment as a result of the use of force incident on April 14, 2019.

**RESPONSE:**

Exhibit 1

**ADMISSION NO. 8:** Please admit that the x-rays of your knees showed no fractures, dislocations, or subluxations.

**RESPONSE:**

Respectfully submitted,

STEVE MARSHALL
ALABAMA ATTORNEY GENERAL


/s/ Tara S. Hetzel
TARA S. HETZEL    (KNE 003)
Deputy Attorney General
Counsel for the Defendants

**OF COUNSEL:**
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-1400
(334) 242-7374 (T)
(334) 353-8400 (F)
E-mail: tara.hetzel@alabamaag.gov

Exhibit 1

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of January 2022, I electronically forwarded the foregoing document to the following:

Richard Rice
THE RICE FIRM, LLC
N. 115 Richard Arrington, Jr. Blvd.
Birmingham, Alabama 35022
RRICE@RICE-LAWFIRM.COM

/s/ Tara S. Hetzel
OF COUNSEL

Exhibit 1