## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **REGINALD WHITE, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LIEUTENANT ERIC W. HINES and** )<br>**OFFICER SCOTT A. SCHUTTINGA,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NO.:**<br>**5:19-CV-00750-MHH-HNJ** |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
### TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Correctional Lieutenant Eric W. Hines and Correctional Officer Scott A. Schuttinga, by and through undersigned counsel, and reply to Plaintiff's response (doc. 42) to their Motion for Summary Judgment (doc. 37). Defendants contend there exists no genuine issue of material fact on the present record, and Defendants are entitled to judgment as a matter of law.

### ARGUMENT

**I.  Plaintiff failed address the objective standard for excessive force claims.**

Defendants moved for summary judgment and analyzed the facts under *Hudson v. McMillian,* 503 U.S. 1 (1992), and *Whitley v. Albers,* 475 U.S. 312 (1986). Under this analysis, there are two components, subjective (*Whitley*, 475 U.S. at 321) and objective (*Hudson*, 503 U.S. at 9). While Plaintiff argued his position under the

subjective standard, he has failed to address the objective standard. Clearly, as stated in Defendants' motion for summary judgment, Plaintiff's injuries would be considered *de minimis*. (Doc. 37 at 10). There were three marks, at Plaintiff's waist, shoulder, and leg (doc. 14-1 at 5), and x-rays showed that there were no injuries to his legs (doc. 14-4). Thus, Plaintiff's injuries are *de minimis*.

**II.     Plaintiff's discovery responses should be stricken.**

Defendants Hines and Schuttinga propounded discovery Plaintiff, who failed to provide the Defendants with answers to the admissions after being reminded twice by Defendants that he had yet to respond to their discovery requests. (Docs. 37-1, 37-2. & 37-3). As provided by Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." By rule, the requests for admissions propounded by Defendants to Plaintiff are deemed admitted.

Rule 36(b) states:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Plaintiff, in essence, is withdrawing the admission and is now answering the discovery that was propounded five months ago. (Doc. 42 at 14-22).

The Court has the discretion to allow the withdrawal or amendment as stated above by applying a two-part test. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002); citing *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988). "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.; Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995); *FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir. 1994). At this late stage, withdrawing and/or amending Plaintiff's response will subserve the presentation of the merits. In fact, it has and will create contradictions between the parties. Clearly, Defendants will be prejudiced by this action in that they did not have the opportunity to present evidence to the contrary in their Motion for Summary Judgment.

Plaintiff attempts to justify that his responses to discovery were delayed due to COVID-19 policies by the Alabama Department of Corrections, which restricted a face-to-face meeting with his counsel. (Doc. 42 at 9). Plaintiff had access to mail, in which counsel could have sent the discovery to his client and then discussed with his client by phone or virtually. Plaintiff's discovery responses submitted with his response were not signed; however, he did sign his declaration. (Doc. 42 at 11-22).

3

As to counsel's significant personal matters, he could have, but did not, request a continuance in this matter. (Doc. 42 at 9).

## CONCLUSION

Defendants Hines and Schuttinga pray that this Court will deny Plaintiff the opportunity to submit discovery responses at this stage of litigation. Defendants further pray that this Court will grant their Motion for Summary Judgment.

    Respectfully submitted,

    STEVE MARSHALL
    ATTORNEY GENERAL

    /s/ *Tara S. Hetzel*
    Tara. S. Hetzel
    Deputy Attorney General
    *Counsel for Defendants*

**OF COUNSEL:**
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130
334-242-7300 (T)
334-353-8400 (F)
Tara.Hetzel@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have on June 13, 2022 electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the same to Richard Rice.

Richard A. Rice
The Rice Law Firm, LLC
420 20th Street North, Suite 2000
Post Office Box 453
Birmingham, Alabama 35201
rrice@rice-lawfirm.com

/s/ *Tara S. Hetzel*
Tara S. Hetzel
Deputy Attorney General
*Counsel for Defendants*