IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| REGINALD WHITE, JR., ) <br> AIS #251345, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> ERIC W. HINES, and ) <br> SCOTT A. SCHUTTINGA, ) <br>  ) <br> Defendants. ) | CIVIL ACTION NO. <br> 5:19-CV-750-MHH-HNJ |

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY
REGARDING DEFENDANT'S REPLY**

---

Plaintiff moves that this Honorable Court enter an order permitting the filing of the attached, Plaintiff's Surreply to Defendant's "Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment". The arguments addressed by the Defendants could not have been reasonably anticipated by Plaintiff. Namely, the Defendants assert that Plaintiff failed to address the objective standard for excessive force claims and that Plaintiff's discovery responses should be stricken as provided by Rule 36(a)(3). In the interest of justice and truth-seeking, Plaintiff should be permitted to file a Surreply to explain why the Defendants are mistaken in their claims. The inability to respond to these arguments would unduly prejudice Plaintiff and would serve counter to the ideals of equality, truth, and justice this Honorable Court upholds.

Respectfully submitted this the 16th day of June 2022.

                                                */s/ Richard R. Rice*
                                                RICHARD R. RICE
                                                Counsel for the Plaintiff

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was served this 16th day of June, 2022 on counsel for Defendants, Jason Matthew Bledsoe, via email.

                                                   */s/ Richard A. Rice*

The Rice Firm, LLC
Physical Address: 115 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
Mailing Address: P.O. Box 453
Birmingham, AL 35201
Office: 205.618.8733 ext 101
Mobile: 256.529.0462
Fax: 888.391.7193

ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| REGINALD WHITE, JR., <br> AIS #251345, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION NO. <br> 5:19-CV-750-MHH-HNJ |
| ERIC W. HINES, and <br> SCOTT A. SCHUTTINGA, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

―――――――――――――――――――――――――――――――――――――――――

**PLAINTIFF'S SURREPLY TO "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"**

―――――――――――――――――――――――――――――――――――――――――

Plaintiff states the following as their Surreply to the Defendant's reply regarding Plaintiff's response to the Motion for Summary Judgment ("The Reply"):

### A. Defendant's Wrongfully Claim Plaintiff Failed to Address the Objective Standard for Excessive Force Claims

The Defendants' claim that Plaintiff argued for the subjective standard of excessive force claims (Whitley v. Albers, 475 U.S. 312 (1986)), but failed to do so under the objective standard (Hudson v. McMillan, 503 U.S. 1 (1992)). The Defendants argue that Plaintiff's injuries would be considered *de minimis* since, as they plainly describe, there were three marks at Plaintiff's waist, shoulder, and leg and x-rays showed no injuries to his legs (Doc. 43 at 2).

Characterizing Plaintiff's injuries as *de minimis* would be a grave injustice. As explained in Plaintiff's Opposition to the Defendant's Motion for Summary Judgment, Plaintiff blacked out as a result of being punched by Officer Schuttinga, was maced by Lieutenant Hines, and Plaintiff's knees "were swollen with knots and bruises and a hole [was] in [his] right leg due to being beat on his knees by Lieutenant Hines with a baton (Doc 42 at 8). Clearly, Lieutenant Hines and the other officers present determined that the injuries Plaintiff sustained were significant, seeing as they transported him to the infirmary. Further, Plaintiff's injuries required a decontamination and body chart, attesting to the severity of the injuries sustained (Doc 42 at 3). Further refuting the claim that Plaintiff's injuries are *de minimis*, Plaintiff continues to experience pain in his legs, particularly his knees, to this day as a result of the assault by Lieutenant Hines.

In addition to the physical pain Plaintiff continues to experience, Plaintiff must still endure the psychological and emotional ramifications of being unjustly assaulted, racially insulted, and dehumanized. The aforementioned facts describing the immediate physical assault and continued physical and emotional suffering of Plaintiff do not describe a *de minimis* injury; the details support the claim that Plaintiff's injuries were objectively harmful enough to establish a constitutional violation. The fact that Plaintiff survived Defendant's first Motion for Summary Judgment further bolsters this finding, since there is a factual dispute regarding the cause, nature and severity of the injuries that is to be settled during a trial.

### B. Defendant's Wrongfully Assert that Discovery Responses Should be Stricken

The Defendants claim that under Rule 36(a)(3), the requests for admissions propounded by Defendants to Plaintiff are deemed admitted since Plaintiff did not answer or object to the discovery requests within 30 days after being served. However, the delays in responding to the

Defendant's request was due to Plaintiff's incarceration and the Covid-19 pandemic, which restricted the in-person communication between Plaintiff and Plaintiff's counsel. Plaintiff's counsel did attempt to mail materials to Plaintiff; however, proper responses to the discovery requests required an in-person meeting. It is well-known among attorneys and Plaintiff's counsel is personally aware that the Alabama Department of Corrections has in the past not adhered to the confidentiality standards required under attorney-client privilege during virtual meetings or through the mail. Further, due to the breaches in confidentiality of attorney client-privilege and the retaliation Plaintiff has experienced for filing this claim, Plaintiff was hesitant to use the mail or meet virtually. Hence, due to the Covid-19 pandemic, all methods of communication were restricted, leading to the delay in responding to the Defendant's request.

      Additionally, despite his incarceration, Plaintiff proactively approached the court for a status update (Doc. 41), demonstrating his earnest attempt to comply with the Procedures of this Honorable Court. It is due to personal and rare circumstances exacerbated by the pandemic that Plaintiff's counsel was unable to reach Plaintiff to complete the discovery request initially. As soon as Plaintiff's counsel was able to do so, he rectified this with the Court. As a result, Plaintiff's counsel urges this court not to penalize Plaintiff, who has suffered extreme and enduring violence at the hands of state actors, on account of scheduling difficulties.

      Rule 36(b) states:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Pursuant to Rule 16(e), it is in the interest of justice for this Honorable Court to permit withdrawal or amendment. The delays that were caused due to the Covid-19 pandemic were through no fault of Plaintiff. Additionally, the Plaintiff's Rule 32 has thus survived Summary Judgment on its merits. Denying withdrawal or amendment on grounds that are beyond the Plaintiff's control actively impedes the pursuit of justice. This Honorable Court should allow withdrawal or amendment, as it promotes the presentation of the merits of the action.

      The Court has the discretion to allow the withdrawal or amendment as stated above by applying a two-part test. Perez v. Miami-Dade County, 297 F.3d 1255, 1264 (11th Cir. 2002); citing Smith v. First Nat'l Bank, 837 F.2d 1575, 1577 (11th Cir. 1988). "First, the court should consider whether the withdrawal will subserve the presentation of merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admission in its presentation of the case." Id. Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995); FDIC v. Prusia, 18 F. 3d 637, 640 (8th Cir. 1994). As explained above, the withdrawal will not subserve the presentation of merits.  In fact, to reach the merits of the claim (which this Court recognized was a worthy pursuit in its denial of Defendant's Motion for Summary Judgment), it is necessary to allow Plaintiff to respond fully and accurately, as he has done in Doc 42. Secondly, despite Defendants' claim that they will be prejudiced by this action in that they did not have the opportunity to present evidence to the contrary in their motion, the Defendants will not be prejudiced by this motion. Plaintiff has not changed his testimony - on the contrary, the Plaintiff has maintained all facts since the initial filing - and no new evidence has been introduced. At the time of their filing for Motion for Summary Judgment, the Defendants had all of the necessary information to make an effective claim. Accordingly, after applying the two-part

test, Plaintiff moves for this Honorable Court to allow the withdrawal or amendment of this action.

## **CONCLUSION**

For the foregoing reasons and the reasons in the Plaintiff's Opposition to the Defendant's Motion for Summary Judgment, Plaintiff's Motion for Leave to File a Surreply and Plaintiff's Surreply is due to be granted.

Respectfully submitted this the 16th day of June 2022.

*/s/ Richard R. Rice*
RICHARD R. RICE
Counsel for the Plaintiff

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was served this 16th day of June, 2022 on counsel for Defendants, Jason Matthew Bledsoe, via email.

*/s/ Richard A. Rice*

The Rice Firm, LLC
Physical Address: 115 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
Mailing Address: P.O. Box 453
Birmingham, AL 35201
Office: 205.618.8733 ext 101
Mobile: 256.529.0462
Fax: 888.391.7193

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **REGINALD WHITE, JR.,** <br> **AIS #251345,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ERIC W. HINES, and** <br> **SCOTT A. SCHUTTINGA,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     **CIVIL ACTION NO.** <br>     **5:19-CV-750-MHH-HNJ** |

---

**PLAINTIFF'S SURREPLY TO "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"**

---

### ATTACHMENT B: PLAINTIFF SIGNATURE

**II.   Attachment B: Signature Page**

The Plaintiff's completed discovery responses submitted in the initial filing of Plaintiff's Opposition to the Defendant's Motion for Summary Judgment mistakenly did not include a signature due to a clerical error. This was in no part Plaintiff's wrongdoing. The signature page is attached below. As is evident, the date on the signature page is 06/03/2022, before the date of the filing on 06/06/2022. Plaintiff's discovery responses should not be stricken, as the error was administrative in nature. Striking Plaintiff's discovery responses, an individual who has suffered severe abuse, for this reason would be contrary to the fact-finding mission that lies at the foundation of this Honorable Court.

The forgoing statement and declaration are submitted under penalty of perjury pursuant to 28 USC 1746 and are true to the best of my knowledge. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Reginald White Jr.*

Mr. Reginald White, Jr.,

Date: 6/3/22

Signature

Respectfully submitted this the 16th day of June 2022.

/s/ Richard R. Rice
RICHARD R. RICE
Counsel for the Plaintiff

## **CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing was served this 16th day of June, 2022 on counsel for Defendants, Jason Matthew Bledsoe, via email.

*/s/ Richard A. Rice*

The Rice Firm, LLC
Physical Address: 115 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203
Mailing Address: P.O. Box 453
Birmingham, AL 35201
Office: 205.618.8733 ext 101
Mobile: 256.529.0462
Fax: 888.391.7193