FILED

2022 Aug-24  PM 01:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

REGINALD WHITE, JR.,                    )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )    Case No.  5:19-cv-00750-HNJ
                                        )
ERIC W. HINES, et al.,                  )
                                        )
        Defendants.                     )

## MEMORANDUM OPINION AND ORDER

Plaintiff Reginald White, Jr., an incarcerated individual, claims corrections officers Eric W. Hines and Scott A. Shuttinga used excessive force against him in violation of the Eighth Amendment.  This opinion addresses whether the court should allow White to withdraw admissions deemed operable by his failure to timely respond to pertinent requests pursuant to Federal Rule of Civil Procedure 36.  As discussed herein, the court concludes it should allow the withdrawal, and it will allow Defendants additional time to conduct discovery regarding the formerly admitted matters.

## BACKGROUND

On January 5, 2022, Defendants propounded discovery requests to White, including eight requests for admission pursuant to Federal Rule of Civil Procedure 36. (Doc. 37-1, at 9-12).  On February 25, 2022, Defendants' attorney reminded White's counsel White had not responded to the written discovery requests and requested a date Defendants could expect a response.  (Doc. 37-2, at 1).  On February 26, 2022, a

Saturday, White's attorney responded that he intended to provide the responses within 14 days of the ensuing Monday, or by March 14. (*Id.*). On March 21, 2022, Defendants still had not received White's responses, so Defendants' attorney reminded White's attorney again. (Doc. 37-3, at 1). Despite the reminders, White did not respond to the discovery requests, including the requests for admission.

On May 2, 2022, Defendants filed a motion for summary judgment, relying in part on White's Rule 36 admissions. (Doc. 37). On June 6, 2022, White opposed Defendants' motion, and he attached responses to the requests for admission to his opposition brief. (Doc. 42, at 21-22). The brief stated in pertinent part: "The response to [Defendants' discovery requests] was primarily delayed due to the ADOC Covid-19 policies in place, which restricted Plaintiff's counsel's ability to meet with [Plaintiff] in person. Further, during this period I have faced significant personal matters that caused additional delay." (*Id.* at 9).

Defendants contend White's attorney could have communicated with his client virtually or via mail, and he could have requested additional time from Defendants or the court to accommodate his personal issues. (Doc. 43, at 3-4). In reply, White's attorney stated he

> did attempt to mail materials to Plaintiff; however, proper responses to the discovery requests required an in-person meeting. It is well-known among attorneys and Plaintiff's counsel is personally aware that the Alabama Department of Corrections has in the past not adhered to the confidentiality standards required under attorney-client privilege during

virtual meetings or through the mail.  Further, due to the breaches in confidentiality of attorney-client privilege and the retaliation Plaintiff has suffered for filing this claim, Plaintiff was hesitant to use the mail or meet virtually.    Hence, due the Covid-19 pandemic, all methods of communication were restricted, leading to the delay in responding to the Defendant[s'] request.

Additionally, despite his incarceration, Plaintiff proactively approached the court for a status update (Doc. 41), demonstrating his earnest attempt to comply with the Procedures of this Honorable Court. It is due to personal and rare circumstances exacerbated by the pandemic that Plaintiff's counsel was unable to reach Plaintiff to complete the discovery request initially.  As soon as Plaintiff's counsel was able to do so, he rectified this with the Court.

(Doc. 46, at 2-3).

Defendants ask the court to strike White's late discovery requests and deem admitted the facts included in Defendants' requests for admission.

## DISCUSSION

Federal Rule of Civil Procedure 36 states, in pertinent part:

A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).  As White did not respond to Defendants' requests within 30 days, and neither Defendants nor the court granted White additional time to respond, White admitted the matters in Defendants' requests for admission pursuant to the operation of Rule 36(a).

However, White asks the court to withdraw his admissions pursuant to Rule 36(b), which provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.[1]

The Eleventh Circuit prescribes a two-part assessment for a court to evaluate whether it should withdraw an admission pursuant to Rule 36(b). "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Perez v. Miami-Dade Cnty.*, 297

---

[1] Rule 36(b) explicitly contemplates that a party seeking a withdrawal or amendment will file a motion requesting such relief. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended.") (emphasis added). White did not file such a motion, yet the court will nonetheless act on White's arguments in his brief about withdrawing the admissions. See *Metalizing Tech. Servs., LLC v. Berkshire Hathaway Specialty Ins. Co.*, No. 22-20596-CIV, 2022 WL 2805320, at *7 (S.D. Fla. June 9, 2022) (citations omitted) ("[C]ourts sometimes construe oppositions to motions for summary judgment as motions to amend or withdraw Rule 36 admissions when doing so would facilitate a merits-based resolution of an otherwise genuinely disputed issue of fact and the admitting party, in substance if not by motion, retreats from the admission."); *Prophet v. Peugh*, No. 3:20-CV-514-BJD-LLL, 2022 WL 1591372, at *4 (M.D. Fla. May 19, 2022) ("In the interests of judicial economy and to facilitate the progression of this case, the Court construes Defendants' request as seeking to withdraw the automatic admissions under the two-part test announced in [*Perez v. Miami-Dade Cnty.*, 297 F.3d 1255 (11th Cir. 2002)].") ; *Hicks v. Trans Union LLC*, No. 1:18-CV-1871-TCB-CCB, 2019 WL 4804110, at *2 (N.D. Ga. Aug. 6, 2019), *report and recommendation adopted*, No. 1:18-CV-1871-TCB, 2019 WL 4752272 (N.D. Ga. Aug. 20, 2019) (construing the plaintiff's *Perez* argument as a motion to withdraw admissions).

F.3d 1255, 1264 (11th Cir. 2002) (citing *Smith v. First Nat'l Bank,* 837 F.2d 1575, 1577 (11th Cir. 1988); *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995); *FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir. 1994)).   This test "'emphasizes the *importance of having the action resolved on the merits,* while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Perez,* 297 F.3d at 1264 (quoting *Smith,* 837 F.2d at 1577-78) (emphasis in original).   Thus, while White's attorney should have appropriately requested additional time to provide White's responses to Defendants' discovery requests, the Eleventh Circuit's test focuses more on the consequences of retaining the admission than on the justifiability of the delayed response.

White can satisfy the first prong of the Eleventh Circuit's test by demonstrating that "'upholding the admissions would practically eliminate any presentation of the merits of the case.'" *Perez,* 297 F.3d at 1266 (quoting *Hadley,* 45 F.3d at 1348).   For example, courts should permit withdrawal when "the admissions 'essentially admit[] the necessary elements [of the claims].'" *Perez,* 297 F.3d at 1266 (quoting *Hadley,* 45 F.3d at 1348).

Here, by virtue of his untimely response to the requests for admission, White admitted the following facts:   (1) "you were not in your assigned dorm when the Institutional Bed Roster was initiated on April 14, 2019 at approximately 8:09 p.m."; (2) "you were combative and aggressive with the Defendants on April 14, 2019"; (3) "you

were given a urinalysis test on April 14, 2019"; (4) "you told the nurse that you did not know what happened on the night of April 14, 2019"; (5) "the nurse assessed on April 14, 2019, that you were suicidal"; (6) "you refused to make a statement about the use of force incident"; (7) "you were not taken to a hospital for medical treatment as a result of the use of force incident on April 14, 2019"; and (8) "the x-rays of your knees showed no fractures, dislocations, or sublaxations." (Doc. 37-1, at 9-11; Doc. 42, at 21-22).

Defendants reference all those facts in their motion for summary judgment, but the second, seventh, and eighth facts bear particular significance. An Eighth Amendment excessive force claim requires consideration of certain factors, including: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible official; (4) any efforts to temper the severity of a forceful response; and (5) the extent of the injury suffered by the inmate. *Whitley v. Albers,* 475 U.S. 312, 321 (1986). If White behaved combatively and aggressively, the first four factors could sway in Defendants' favor. And if White's injuries did not require medical treatment or manifest on an x-ray, the final factor could favor Defendants.

Thus, the admitted facts bear more than "tangential" relevance to White's excessive force claim; they reflect on "core elements" of the claim. White's admission of those facts "took the wind out of [his] sails" and threatened to "effectively end[] the litigation." *Perez,* 297 F.3d at 1266. As Defendants demonstrate by relying heavily on

White's admissions to support their motion for summary judgment, upholding the admissions would fundamentally impair White's ability to present the merits of his excessive force claim. *See Perez*, 297 F.3d at 1266; *see also McCann v. Chao*, No. 2:07-CV-1659-RDP, 2010 WL 11614077, at *14 (N.D. Ala. Jan. 5, 2010) ("Here, based on Defendant's own argument — '[w]ith the admissions of record, White's claims fail, and his Complaint should be dismissed'— precluding White from withdrawing the admissions would sound the death knell for the litigation.") (alteration in original).

Accordingly, White has satisfied the first prong of the *Perez* test by demonstrating that withdrawal of his admissions would promote the presentation of the case on the merits.

White satisfies the second prong of the *Perez* test if he can demonstrate Defendants would suffer no prejudice from the withdrawal of the admissions. Prejudice sufficient to satisfy Rule 36(b)

> "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions."

*Perez*, 297 F.3d at 1266 (quoting *Smith*, 837 F.2d at 1578 (in turn quoting *Brook Village N. Assoc. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir.1982))). "For this reason, a court is more likely to find prejudice when a party seeks to withdraw its admissions once trial

has already begun." *Perez*, 297 F.3d at 1266-67 (citing *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985)).

Defendants assert they would suffer prejudice from the withdrawal because "they did not have the opportunity to present evidence to the contrary in their Motion for Summary Judgment." (Doc. 43, at 3). However, the Eleventh Circuit has rejected a similar argument in an unpublished opinion. In *In re Fancher*, 802 F. App'x 538, 543-44 (11th Cir. 2020), the Court held that a withdrawal of admissions after the filing of summary judgment motions did not unduly prejudice the moving party because substantial time remained before the trial date, and the party seeking the admissions had sufficient time to gather evidence to support his case. *Id.* at 543-44. Other courts have reached similar decisions. *See United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, No. 1:06-CV-0547-AT, 2016 WL 7387070, at *3 (N.D. Ga. Sept. 7, 2016) (citing *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000)) ("Notably, reliance on admissions in preparing a summary judgment motion does not by itself constitute prejudice."); *Windle v. Indiana*, No. 118CV01212SEBTAB, 2019 WL 6724605, at *4-5 (S.D. Ind. Dec. 10, 2019) ("The only prejudice Defendants claim to have suffered is their reliance upon the default admissions in briefing their motion for summary judgment. However, 'several Courts of Appeals have noted that mere preparation of a summary judgment motion in reliance on deemed admissions does not, by itself, constitute sufficient prejudice to deny motions to withdraw.'").

Moreover, Defendants have not asserted that they lack access to key witnesses, and they cannot demonstrate a sudden need to gather evidence to counter White's admissions. To the contrary, Defendants have possessed notice since the beginning of the case that White would dispute he behaved in a combative or aggressive manner, and that he suffered no serious injuries as a result of Defendants' actions. In his Complaint, White stated he complied with Officer Shuttinga's requests to place his hands on the wall, and he only accidently, and barely, removed his hands from the wall when he turned his head to observe Officer Shuttinga attempting to rip the pocket off his shorts. He also stated his knees swelled and displayed knots and bruises, and the incident left him with a hole in his right leg. (Doc. 1, at 4-5). No future filings retreated from those positions. *See Perez*, 297 F.3d at 1268 (finding no prejudice when the party requesting the admissions knew from the beginning of the case that the other party opposed the statements contained in the admissions); *Reid v. McNeil*, No. 3:09-CV-1283-J-34MCR, 2015 WL 5755898, at *6 (M.D. Fla. Sept. 29, 2015), *aff'd sub nom. Reid v. Neal*, 688 F. App'x 613 (11th Cir. 2017) ("Reid has known throughout the entirety of this litigation that Defendants disputed the substantive factual allegations contained in the Requests for Admissions."); *Burch v. P. J. Cheese, Inc.*, No. 2:09-CV-1640-SLB, 2011 WL 13233278, at *3-5 (N.D. Ala. Aug. 17, 2011) ("Like the plaintiff in *Perez*, plaintiff here has been on notice from the very beginning of this case that the core allegations of plaintiff's complaint were contested. Plaintiff's requests for admission track closely the material

9

allegations of the complaint, which defendant denied in its Answer.").

For the foregoing reasons, and because the court has not yet scheduled a trial in this case,[2] the court concludes Defendants would suffer little, if any, prejudice from allowing White to withdraw his admissions. The court can cure any potential prejudice by allowing Defendants the opportunity to conduct additional discovery that takes into account White's withdrawn admissions, and to file an amended motion for summary judgment, if desired. *See, e.g., Perez*, 297 F.3d at 1268 ("[A]t the time the defendants requested the withdrawal, a trial on the merits had not yet begun; the district court could have simply extended the discovery deadlines – as it previously had done – to enable Perez to prove his case."); *Karsel Holdings, LLC v. Scottsdale Insurance Co.,* No. 21-21277-CIV, 2022 WL 344591, at *3 (S.D. Fla. Feb. 4, 2022) (Defendant's concerns over the inability to conduct discovery to refute denials after Plaintiff's withdrawal of admissions "can be addressed by a modification of the pretrial deadlines."); *Dillard v. Am. Home Mortg. Servicing, Inc.*, No. 1:10-CV-3308-AT-SSC, 2012 WL 13005310, at *6 (N.D. Ga. Jan. 30, 2012) ("Even if, in reliance on Plaintiff's admission, Defendants have not taken Plaintiff's deposition or conducted other discovery, that circumstance can be remedied by granting Defendants a period of time to conduct discovery . . . ."); *Burch,* 2011 WL 13233278, at *5 (Plaintiff did not suffer prejudice from Defendants' withdrawal of

---

[2] The March 1, 2022, Scheduling Order advises the parties to be ready for trial on or after July 1, 2022, but it also notes that date represents only the date on which the court considers the case ready for trial, not an actual trial setting. (Doc. 36, at 3, ¶ 8).

admission when, among other facts, the court stayed summary judgment briefing and allowed discovery outside the prescribed discovery period.).

## CONCLUSION AND ORDER

In accordance with the foregoing, the court **ORDERS** White's admissions pursuant to Federal Rule of Civil Procedure 36 **WITHDRAWN**. White's June 6, 2022, responses to Defendants' requests for admission shall prevail as the operative discovery document. The court allows Defendants until October 24, 2022, to conduct additional discovery regarding the matters contained in the June 6, 2022, responses. On or before November 14, 2022, Defendants must file any necessary supplemental brief based upon the additional discovery. If necessary, the court will set deadlines for supplemental response and reply briefs by separate order.

**DONE** and **ORDERED** this 24th day of August, 2022.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE